UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:16-CV-771-TBR

C. WILLIAM HELM                                                                                    PLAINTIFF

v.

ALLISON RATTERMAN, ET AL.                                                              DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on Defendants Dr. Allison Ratterman, Angela Koshewa, Dr. Pamela Feldhoff, and Dr. Eleanor Lederer's (the Defendants) Motion to Dismiss Plaintiff Dr. C. William Helm's Amended Complaint pursuant to Rule 12(b)(6). [R. 20.] Helm responded, [R. 21], and the Defendants replied, [R. 27]. Fully briefed, this matter is ripe for adjudication. For the reasons stated herein, the Defendants' Motion to Dismiss, [R.20], is **GRANTED**.

**BACKGROUND**

Helm's case against the Defendants continues in this matter involving the Defendants' Motion to Dismiss Helm's Amended Complaint. Previously, upon the Defendants' Motion to Dismiss, [R. 7], this Court denied Helm's § 1983 claims as untimely but allowed Helm an opportunity to amend his fraud claim to comply with the heightened pleading standard of Rule 9(b). [R. 18 at 15-16 (Opinion on Previous Motion to Dismiss).] Specifically, this Court stated that Helm failed to allege two necessary elements of fraud by omission (also known as fraudulent concealment): (1) the Defendants had a duty to disclose material facts and (2) the Defendants' failure to do so induced Helm to act. [R. 18 at 18-19.] Furthermore, the Court held that Helm could be entitled to equitable tolling on his interference and breach of fiduciary duty claims if he could successfully state a claim for fraud. [R. 18 at 2-3.] Further detail on the facts

1

surrounding the investigation into the alleged research misconduct by Helm can be found in this Court's Memorandum Opinion and Order granting in part and denying in part the Defendants' Motion to Dismiss. [R. 18.]

On July 19, 2017, Helm filed his Amended Complaint in which he alleges four different claims against the Defendants: fraud by omission, tortious interference with a contract, interference with a prospective business advantage, and breach of fiduciary duty. [*See* R. 19 (Amended Complaint).] Presumably in an effort to comply with the heightened requirements of Rule 9(b), Helm articulates sixteen instances of fraudulent concealment. [*See* R. 19 at 9-44.] He also asserts that his interference claims and his claim for breach of fiduciary duty invoke equitable tolling. [R. 19 at ¶¶ 225, 230, 235.]

Once again, the Defendants now move to dismiss Helm's complaint. [R. 20 (Motion to Dismiss Amended Complaint).] They argue that Helm failed to state a claim for fraud by omission because he cannot show a duty to disclose, he cannot establish that he was induced to act, and he failed to plead his fraud claim with particularity. [*See* R. 20.] Additionally, the Defendants argue that Helm's remaining state law claims are barred by the statute of limitations, and, furthermore, Helm's interference claims fail as a matter of law even if they are not barred. [*Id.*]

**STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). When considering a Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Iqbal*, 556 U.S at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x. 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–79).

To plead a claim sounding in fraud, including fraud by omission, requires a bit more. Civil Rule 9(b) imposes a heightened pleading standard: A complaint must state the facts constituting the fraud with particularity. Fed. R. Civ. P. 9(b); *see Chesbrough v. VPA, P.C.*, 655 F.3d 461, 467 (6th Cir. 2011). Accordingly, the plaintiff "must generally (1) specify the time, place, and content of the alleged misrepresentation; (2) identify the fraudulent scheme and the fraudulent intent of the defendant; and (3) describe the injury resulting from the fraud." *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 358 (6th Cir. 2014) (citing *United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008)). The purposes animating Civil Rule 9(b) are "(1) to alert defendants to the particulars of the allegations against them so they can intelligently respond; (2) to prevent 'fishing expeditions'; (3) to protect defendants'

reputations against fraud allegations; and (4) to whittle down potentially wide-ranging discovery to only relevant matters." *Id.* (citing *Chesbrough*, 655 F.3d at 466–67).

## DISCUSSION

In the instant motion, the Defendants argue that Helm's Amended Complaint must be dismissed for three reasons. First, the Defendants argue that Helm failed to satisfy Rule 9(b)'s heightened pleading standard for fraud on several of the underlying factors of Helm's claim of fraud by omission. [R. 20 at 8.] Second, the Defendants argue that Helm's remaining state law claims are barred by the statute of limitations. [*Id*. at 14.] Third, the Defendants argue that in addition to being barred by the statute of limitations, Helm's interference claims fail as a matter of law. [*Id*. at 17.] The Court will address each of these arguments in turn as needed.

### I.  Claim for Fraud by Omission

Helm asserts that Defendants committed fraud by omission when they failed to make numerous disclosures involving the investigation into his alleged research misconduct. [R.21 at 2-27.] Helm alleges that these disclosures were required under the ORI policy. [*Id*.] To succeed on a fraud by omission claim, the plaintiff must prove that "(1) the defendant had a duty to disclose the material fact at issue; (2) the defendant failed to disclose the fact; (3) the defendant's failure to disclose the material fact induced the plaintiff to act; and (4) the plaintiff suffered actual damages as a consequence." *Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 747 (Ky. 2011) (citing *Rivermont Inn, Inc. v. Bass Hotels Resorts, Inc.*, 113 S.W.3d 636, 641 (Ky. Ct. App. 2003)). As previously discussed, the heightened pleading standard of Rule 9(b) applies to this claim. *See* Fed. R. Civ. P. 9(b).

#### A. **Duty to Disclose**

"[A] fraud by omission claim is grounded in a duty to disclose." *Giddings*, 348 S.W.3d at 747 *(citing Republic Bank & Trust v. Bear, Stearns, & Co.*, 707 F. Supp. 2d 702, 710 (W.D. Ky. 2010)). Whether there is a duty to disclose is a question of law for the Court. *Buridi v. Branch Banking and Trust Co.*, No.3:12-CV-00486-S, 2013 WL 1309763, at *4 (W.D. Ky. 2013) (Simpson, J.) (citing *Giddings*, 348 S.W.3d at 747). There are four circumstances in which this duty may arise:

> (1) where there is a confidential or fiduciary relationship between the parties; (2) where the duty is provided by statute; (3) where a defendant has partially disclosed material facts to the plaintiff but created the impression of full disclosure; and (4) where one party to a contract has superior knowledge and is relied upon to disclose the same.

*Id.* (first citing *Giddings*, 348 S.W.3d at 747-48; then *In re Sallee*, 286 F.3d 878, 893 (6th Cir. 2002)).

This Court previously acknowledged that Helm adequately alleged the necessary elements of a breach of fiduciary duty claim, which requires that a fiduciary duty exists. [*See* R. 18 at 24.] Therefore, the first circumstance involving a fiduciary relationship between the parties applies to the case at hand.[1]

### B. Failure to Disclose

Defendants do not specifically argue that there was not a failure to disclose. Therefore, the Court will assume this factor to be satisfied.

### C. Inducement

Helm claims that because of Defendants' omissions, he was induced "to *not* invoke the rights and protections of the ORI Policy, any alternate research misconduct policy approved by the Vice President for Research, the Redbook, the Code of Conduct, the Non-Retribution Policy,

---

[1] The Court acknowledges that Helm argues there was a duty to disclose under the remaining three possible circumstances, however, it is unnecessary for the Court to analyze those arguments at this time considering that Helm met the requirement under the first circumstance.

5

and the PAT Policy, and also induced . . . to *not* take additional steps that could have restored him to his position at the University and restored his promotion to professor." [R. 20 at ¶ 151 (emphasis added); *see also* R. 20 at ¶¶ 45, 59, 69, 81, 91, 104, 112, 113, 124, 140, 165, 172, 190, 211.] In response, the Defendants argue that "[a] failure to act does not amount to an inducement to act." [R. 20 at 15; (citing *Bank of America, N.A. v. Corporex Companies, LLC*, 99 F. Supp. 3d 708, 717 (E.D. Ky. 2015).] The Court agrees with the Defendants.

To prevail on a fraud by omission claim in Kentucky, "the plaintiff must be induced to act by a fraudulent omission." *Corporex* 99 F. Supp. 3d at 716-18; *see also Giddings* 348 S.W.3d at 747. In *Corporex*, the Eastern District of Kentucky held that the Bank of America "only pled that it *failed* to act as a result of the fraudulent omissions," and, therefore, their complaint did not satisfy the third element required in a fraud by omission claim. *Corporex*, 99 F. Supp. 3d at 717. The Eastern District emphasized that the Kentucky Supreme Court solely requires that the plaintiff be induced to act by a fraudulent omission. *Id*. (citing *Giddings*, 348 S.W.3d at 747). Furthermore, the Eastern District reasoned that Sixth Circuit precedent required a federal court to "avoid expanding liability under state law" and "finding defendants liable for fraudulent omissions where plaintiffs are either induced to act or fail to act [would] do just that." *Id*. (citing *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004).[2]

Helm argues that *Corporex* misstates Kentucky law and contends that the inducement element "is exactly the same" for both fraudulent misrepresentation and fraud by omission claims. [R. 21 at 16.] The Court is unpersuaded. First, although *Corporex* is not binding, the Court still finds it persuasive. It is difficult to ignore the fact that the third element clearly states:

---

[2] The Eastern District also proposed that "Kentucky could have a policy justification for limiting fraudulent omission claims to only those plaintiffs who were induced to act by a defendant's fraudulent omission," therefore, it would not announce a new interpretation of these elements without further guidance from the Kentucky Supreme Court. *Corporex*, 99 F. Supp. 3d at 717-18.

"the defendant's failure to disclose the material fact *induced the plaintiff to act*." *Giddings*, 348 S.W.3d at 747 (emphasis added) (citing *Rivermont Inn*, 113 S.W.3d at 641); *see, e.g., Biszantz v. Stephens Thoroughbreds*, 620 Fed. App'x 535, 543 (6th Cir. 2015) (using the same language from *Giddings* to decide a fraud by omission claim); *Republic Bank & Trust* 707 F. Supp. 2d at 255 (same); *Buridi*, No. 3:12-CV-00486-S, 2013 WL 1309763, at *4 (same). Furthermore, this Court put Helm on notice that he would be required to plead the element of inducement when it explained that Helm fell short of pleading fraud by omission in his original complaint by failing to allege that "[the Defendants'] failure to [disclose material facts] *induced him to act* . . . ." [R. 18 at 18-19.]

Secondly, this Court previously stated that fraudulent misrepresentation and fraud by omission "require proof of different elements." [R. 18 at 17.] This conception that the two claims are separate causes of action containing different elements is well supported by precedent. *See Republic Bank & Trust*, 683 F.3d at 254-55 ("Fraud by omission is not the same, at law, as fraud by misrepresentation, and has substantially different elements.") (quoting *Rivermont Inn*, 113 S.W.3d at 641); *Giddings*, 348 S.W.3d at 747 (same); *see also Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 Fed. App'x 558, 568 (6th Cir. 2013) ("Unlike a fraudulent-misrepresentation claim, a fraudulent-concealment (fraud by omission) claim 'is grounded in a duty to disclose.'") (quoting *Giddings*, 348 S.W.3d at 747). Therefore, the case law concerning fraudulent misrepresentation that allowed a claim to survive where the plaintiff was *induced to refrain* from acting should not be applied to a case involving fraud by omission, such as the one at hand.[3]

---

[3] Consequently, the cases cited by Helm involving purely fraudulent misrepresentation claims, such as *United Parcel Service v. Rickert* and *Garriga v. Sanitation Dist. No. 1*, are not applicable to the issue at hand.

In sum, Helm failed to plead any facts supporting a claim that he was induced to act by the Defendants' failure to disclose material facts to him. Therefore, Helm's Amended Complaint must be dismissed under Rule 12(b)(6).[4]

## II. Statute of Limitations on Remaining State Law Claims

Previously in this matter, the Court stated that it would leave the question of whether Helm is entitled to equitable tolling on his interference claims and claim of breach of fiduciary duty for another day. [*See* R. 18 at 24.] That day has arrived.

A five-year limitations period applies to Helm's interference claims. *Williams v. Owensboro Bd. of Educ.*, No. 4:07-CV-149-R, 2009 WL 248426, at *3 (W.D. Ky. Feb. 3, 2009) (citing *Ritchie v. United Mine Workers of Am.*, 410 F.2d 827, 832 (6th Cir. 1969)); see also 21 Julie Namkin, Ky. Prac. Elements of an Action § 3:6 (2016 ed.). However, "[w]hen a cause of action mentioned in KRS 413.090 to 413.160 accrues against a resident of this state, and he by . . . concealing himself or by any other indirect means obstructs the prosecution of the action," KRS 413.190, the statute of limitations is tolled until the defendant's concealment is revealed or the plaintiff "should have discovered his cause of action by reasonable diligence," *Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 575 (Ky. 2009) (citation omitted). This Court previously stated that both Helm's interference claims and breach of fiduciary duty claim could be saved by equitable tolling. [R. 18 at 24-25.]

In his Amended Complaint, Helm alleges that his claims for tortious interference with a contract, interference with a prospective business advantage, and breach of fiduciary duty all "invoke equitable tolling of any applicable statute of limitation defense against him." [R. 19 at

---

[4] Because Helm failed to plead facts supporting the third element under fraud by omission, the Court finds it unnecessary to discuss the fourth element regarding whether the plaintiff suffered actual damages.

45-46; *see also* R. 21 at 32.] As Helm quotes in his Response, [R. 21 at 31-32], this Court previously stated:

> [Helm's] interference claims are predicated upon the notion that in 2009, Defendants wrongly determined Taylor's plagiarism complaint did not involve federal dollars. And his fraudulent concealment claim is based upon his allegation that Defendants concealed that determination from him until 2015 or 2016. Thus, the basis for Helm's fraudulent concealment claim is seemingly identical to the reason he claims he is entitled to equitable tolling on his interference claims. It follows, then, that if Helm were to prevail on his fraudulent concealment claim, equitable tolling might save his interference claims from being untimely.

[R. 18 at 23.] In other words, because Helm failed to successfully plead a fraud by omission claim, there is no act of concealment to toll the statute of limitations. Thus, without an action of concealment to toll the statute of limitations, Helm's remaining claims are barred.[5]

## CONCLUSION

For the reasons stated herein, the Defendants' Motion to Dismiss, [R.20], is **GRANTED**. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

cc: Counsel of Record

---

[5] Because the claims are barred under the statute of limitations, it is unnecessary for the Court to analyze whether Helm's state law claims fail as a matter of law.