**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

| | |
|---|---|
| C. WILLIAM HELM, | ) |
| PLAINTIFF, | ) *Electronically Filed* |
| v. | ) |
| ALLISON RATTERMAN, Ph.D, | ) Civil Action No. 3:16-CV-771-TBR |
| and | ) |
| ANGELA KOSHEWA, | ) |
| and | ) |
| PAMELA FELDHOFF, Ph.D, | ) |
| and | ) |
| ELEANOR LEDERER, M.D., | ) |
| DEFENDANTS. | ) |

## DEFENDANTS' RESPONSE IN OPPOSITION
## TO PLAINTIFF'S MOTION TO SUPPLEMENT RECORD
## ON APPEAL

Defendants, Allison Ratterman, Angela Koshewa, Pamela Feldhoff, and Eleanor Lederer, by counsel, and for their Response in Opposition to Plaintiff's Motion to Supplement the Record on Appeal (DN 33), state as follows:

Plaintiff asks this Court to supplement the record on appeal in this matter to include eight documents that Plaintiff claims "are authored by Defendants or their employer which are highly relevant and material to several important issues on appeal." (DN 33, at 1).[1]  For the following reasons, Plaintiff's improper Motion should be denied.

---

[1]  On December 22, 2017, after filing the present Motion, Helm also filed the same request with the Sixth Circuit.

Counsel relies on *Thompson v. Bell*, 373 F.3d 688, 690-91 (6th Cir. 2004), *rev'd on other grounds by* 545 U.S. 794 (2005), for the proposition that the Court "ha[s] the inherent equitable power to supplement the record on appeal, where the interests of justice require." (DN 33 at 1). As an initial matter, the *Thompson* opinion recognized only the *court of appeals'* equitable power to supplement the record on appeal. *Thompson*, 373 F.3d at 691. This power belongs to the court of appeals, not the district court. *See id.* at 690 ("We recognize that a number of our sister circuits have held that the *court of appeals* have the inherent equitable power . . .") (emphasis added).

Even assuming, arguendo, that this Court could grant Plaintiff's motion under its "inherent equitable power," counsel fails to note that *Thompson* is the only opinion in the Sixth Circuit that holds this proposition, and does so under drastically different circumstances than are present here. Notably, *Thompson* concerned a § 2254 habeas petition for relief from a state-court conviction. There, the court permitted supplementation "[b]ecause [1] the evidence here was apparently negligently omitted, because [2] the evidence is so probative of Thompson's mental state at the time of the crime, because [3] there is no surprise to respondent as it was his counsel who took the deposition, and because [4] this is a capital case, we believe that the circumstances of this case merit consideration of the . . . deposition pursuant to our equitable power to supplement the record on appeal . . . ." *Thompson*, 587 F. App'x at 690-91. Suffice to say, the unique facts and circumstances in *Thompson* are not comparable to the present case.[2]

Plaintiff's Motion offers no support for why he is entitled to relief based on equitable principles. Incredibly, Plaintiff fails to offer <u>any</u> explanation for why the documents were not

---

[2] Moreover, although *Thompson* permitted supplementation of the record pursuant to the court's "inherent equitable power . . . where the interests of justice require," the Supreme Court has since explicitly rejected the possibility of supplementing the record in federal court in a §2254 proceeding. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Because the legal premise relied upon as support has now also been overruled by *Pinholster*, Plaintiff's reasoning is further undermined.

included in the record before the district court. Indeed, Plaintiff had no difficulty appending hundreds of pages of documents which he believed to be highly relevant and material to his case in his Responses to both of Defendants' Motions to Dismiss. (*See* DN 11-1 through DN 11-20, and DN 21-1 through DN 21-15). Plaintiff does not even suggest that the documents were newly discovered (they were not).[3] Plaintiff had multiple opportunities to include the "highly relevant" documents he now seeks to include in the record, and simply did not do so. Equitable principles do not support the supplementation of the record in this context.

Finally, clear precedent prohibits this Court from permitting the record to be supplemented with the disputed documents under Rule 10(e) of the Federal Rules of Appellate Procedure. As the Sixth Circuit has explicitly stated, "the purpose of Rule 10(e)(2) is to permit the court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals." *United States v. Murdock*, 398 F.3d 491, 500 (6th Cir. 2005) (citations omitted). Plaintiff cannot avoid this prohibition by claiming that equities demand that the documents be added to the record. Plaintiff's Motion should be denied, and the exhibits thereto stricken.

---

[3] Any suggestion that these materials were newly discovered would be disingenuous, at best. In fact, three of the eight documents are letters that have been in Helm's possession for years—two addressed to Helm, and one written by Helm himself in 2014 (*see* proposed Exhibits 1, 3, and 4). The first letter, for example, is addressed directly to Helm, and is dated August 11, 2011. Under no theory is Helm entitled to add a letter into the record on appeal which has been in his possession for more than six years.

Furthermore, this is Helm's fourth lawsuit (not including a Board of Claims action) seeking redress against multiple parties under different theories of liability, but all arising from the same set of facts: namely, Helm's employment with the University of Louisville, the University's investigation of a research misconduct claim against him, and the University's decision not to renew his contract. *See Helm v. Cook, et al.*, No. 10-CI-5997 (Jeff. Ky. Cir. Ct.); *Helm v. Eells*, 642 F. App'x 558 (6th Cir. 2016); and *Helm v. University of Louisville*, No. 15-CI-1410 (Jeff. Ky. Cir. Ct.). For the past seven years, Helm and his counsel have engaged in extensive discovery in these matters, which include the documents Helm now seeks to supplement into the record. Helm should not be permitted on appeal to include materials which could have been presented to the District Court, but simply were not.

Respectfully submitted,

*/s/ Craig C. Dilger*
Craig C. Dilger
Amy L. Dorsch
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky 40202
Phone: (502) 333-6000

*Counsel for Defendants,*
*Allison Ratterman, Angela Koshewa,*
*Pamela Feldhoff, and Eleanor Lederer*

## CERTIFICATE OF SERVICE

I certify that Defendants' Response in Opposition to Plaintiff's Motion to Supplement Record on Appeal was filed with the Court's ECF system on this 22nd day of December, 2017, which will serve electronic copies upon the following:

MICHAEL W. OYLER, ESQ.
REED WEITKAMP SCHELL & VICE, PLLC
500 West Jefferson Street, Suite 2400
Louisville, Kentucky 40202
(502) 589-1000

*Counsel for Plaintiff*

*/s/ Craig C. Dilger*
*Counsel for Defendants*

117187.156299/1540332.1