UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:16-CV-771-TBR

C. WILLIAM HELM,                                                                           PLAINTIFF

v.

ALLISON RATTERMAN *et al.*,                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Dr. William Helm's Motion to Supplement the Record on Appeal, [R. 33]. Defendants Dr. Allison Ratterman, Angela Koshewa, Dr. Pamela Feldhoff, and Dr. Eleanor Lederer (hereinafter "the Defendants") responded, [R. 34], and Helm replied, [R. 36]. Fully briefed, this matter is now ripe for adjudication. For the reasons stated herein, Helm's Motion to Supplement, [R. 33], is **DENIED**.

## BACKGROUND

On June 28, 2017, this Court dismissed Helm's § 1983 claims contained in counts one and two of his Complaint, [R. 18]. On October 17, 2017, this Court granted Defendants' Motion to Dismiss Helm's Amended Complaint, [R. 20], which contained claims for fraud by omission, interference, and breach of fiduciary duty. [R. 30 (Order and Judgment).] On November 15, 2017, Helm filed a Notice of Appeal alerting this Court that he appealed this Court's ruling to the United States Court of Appeals for the Sixth Circuit. [R. 31.] On December 21, 2017, Helm filed the present motion before the Court, [R. 33].

## DISCUSSION

As an initial matter, the Court finds that it does not have jurisdiction to supplement the record with the evidence proposed by Helm. "It is established that 'the filing of a notice of

1

appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals,' but that the 'district court retains jurisdiction to proceed with matters that are in aid of the appeal.'" *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003) (quoting *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir.1981), *cert. denied,* 454 U.S. 1152 (1982)). Helm has not argued that supplementing the record would aid in the appeal to the Sixth Circuit, therefore, this Court does not have jurisdiction to supplement the record. *See Cincinnati Ins. Co. v. Crossman Communities*, *Inc.*, No. 05-470-KSF, 2008 WL 11344798 at *1 (Nov. 26, 2008 E.D. Ky.) ("This court finds that it does not have jurisdiction to supplement the record with the requested evidence because this matter has been appealed to the Sixth Circuit and Beazer has not shown that supplementing the record would aid in the appeal.").

Even if the Court had jurisdiction, the Court is unconvinced by Helm's motion for the Court to "exercise its inherent and equitable power to supplement the record on appeal if the interests of justice so require, when the material would establish beyond doubt the proper disposition of the appeal." [R. 33 at 1 (Motion to Supplement).] In support of this motion, Helm cites to the Sixth Circuit case of *Thompson v. Bell*.[1] [*Id*.] Helm provides no further argument as to why the eight listed documents should be included in the record on appeal in this matter. In response, the Defendants argue that *Thompson* does not apply to these circumstances. [*See* R. 34 at 2-3 (Defendants' Response to Motion to Supplement).]

In *Thompson*, Gregory Thompson sought federal habeus corpus relief from a state court murder conviction. 373 F.3d at 689-91. After initially granting summary judgment to the government, the Sixth Circuit decided to use its "inherent equitable powers to expand the record on appeal" in order to consider a doctor's deposition. *Id*. at 690. The Sixth Circuit allowed consideration of the deposition for four reasons: (1) the evidence was negligently omitted, (2) the

---
[1] *Thompson v. Bell*, 373 F.3d 688, 690-91 (6th Cir. 2004), *rev'd on other grounds by* 545 U.S. 794 (2005).

evidence was "so probative of Thompson's mental state at the time of the crime," (3) there would be no surprise to the government, and (4) it was a capital case. *Id*. at 691.

The Defendants accurately point to issues with Helm's use of *Thompson* in support of his motion. First, the Sixth Circuit only recognizes the "inherent equitable powers to expand the record on appeal" as belonging to appellate courts. *See id*. at 690-91 ("[W]e recognize that a number of our sister circuits have held that the *courts of appeals* have the inherent equitable power to supplement the record on appeal, where the interests of justice require.") (emphasis added); *see also Cincinnati Ins. Co.*, No. 05-470-KSF, 2008 WL 11344798 at *2 ("Thus, to the extent such power exists, it is to be exercised not by this court, but by the court of appeals."). The Sixth Circuit never mentions the ability of a district court to utilize this power. Secondly, the circumstances in *Thompson* were exceedingly different from the case at hand. In contrast to *Thompson*, Helm never argues that these documents were "negligently omitted," he provides no explanation as to why these documents are material, there could be surprise to opposing counsel as to the contents of these documents, and this is not a capital case.

The Court is concerned that the Court of Appeals recently issued an order "to hold briefing in abeyance . . . pending the district court's review of the motion to supplement." [R. 37.] None of the proposed documents that Helm wishes to supplement into the record were before the district court when it made its decision.

Rule 10(e) of the Federal Rules of Appellate Procedure provides:

(e) Correction or Modification of the Record.

(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

3

(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
    (A) on stipulation of the parties;
        (B) by the district court before or after the record has been forwarded; or
        (C) by the court of appeals.

(3) All other questions as to the form and content of the record must be presented to the court of appeals.

Fed. R. App. P. 10(e)(1-3). The Court is concerned that some of the documents possibly could have been probative in the issues before the Court. However, none of the documents were before the Court. The supplement of the record with new evidence would not truly disclose what occurred in district court as the documents were not made available to the district court until after disposition of all motions and after the case had been appealed to the Sixth Circuit. Rule 10(e) allows the Court of Appeals to supplement the record if they feel it is appropriate. It appears that perhaps Rule 10(e)(3) is more applicable since the documents were not part of the record submitted to the district or relied upon by the district in reaching its initial decision.

## CONCLUSION

The Court believes this motion should be decided by the Court of Appeals for the reasons stated above. Accordingly, **IT IS HEREBY ORDERED**: Helm's Motion to Supplement Record on Appeal, [R. 33], is **DENIED**.

    **IT IS SO ORDERED**.

cc: Counsel of Record